IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| REYCE JANON COOK, <br> TDCJ-CID No. 01804354, <br><br> Plaintiff, <br><br> v. <br><br> BRYAN COLLIER, *et al.*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br><br> 2:17-CV-230-Z |

**MEMORANDUM OPINION
DISMISSING CIVIL RIGHTS COMPLAINT**

This matter comes before the Court on Plaintiff's Complaint, filed November 30, 2017 (ECF No. 3). Plaintiff is acting pro se and filed the Complaint while he was a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ") Neal Unit. He there filed Step 1 and Step 2 grievances concerning his inmate classification, and he alleges Defendants (1) denied him due process and equal protection when they ignored his grievances; (2) were deliberately indifferent to his misclassification; and (3) retaliated against him. *See* Complaint § V, at 4; *id.* ¶¶ 12-51, at 8-13. The Court previously granted Plaintiff permission to proceed *in forma pauperis*, *see* ECF No. 11, and it below DISMISSES his Complaint with prejudice.

**BACKGROUND**

Plaintiff entered the TDCJ system on March 2, 2016, and he argues he was due to be promoted to line class S3 by August 28, 2016 at the latest. *See* Complaint at 17. However, Plaintiff asserts he was not promoted to that line class until February 24, 2017. *See id.* Plaintiff contends this delay was caused by false information in his classification file that he was convicted of a "3G offense." *Id.* Plaintiff asserts he wrote the TDCJ classification department and the TDCJ parole

1

department to alert them to the purportedly false information, but that both departments ignored his complaints. *Id.* at 17-19. Plaintiff contends the failure to respond to his complaints amounts to "deliberate indifference." *Id.* at 17-20.

Plaintiff allegedly heard that the classification and parole departments had responded to another Neal Unit inmate's similar complaints, so he filed an I-60 concerning his classification and alleging violation of the Equal Protection Clause. *See* Inmate Request to Official, *reprinted at* ECF No. 3-1, at 16-17. On September 11, 2017, the unit parole counselor — Defendant Beasley — responded that "all [offenders] are not created equal. You cannot have new information because we don't know what the parole board received." *Id.* at 17 (internal marks omitted). Plaintiff thereupon filed a Step 1 grievance against Defendant Beasley reiterating his assertion of an Equal Protection violation. *See* Step 1 Offender Grievance Form, *reprinted at* ECF No. 3-1, at 18-19.

Plaintiff maintains Defendant Hardy failed to investigate his Step 1 grievance, which Plaintiff attributes to her deliberate indifference to his plight. *See* Complaint at 19-20. Plaintiff says that Neal Unit personnel thereafter began to retaliate against him by searching his cell and rendering unfavorable parole decisions. *See* Complaint at 21. He filed a Step 2 grievance on October 6, 2017, wherein he rehearsed his Equal Protection claim and additionally alleged a Due Process violation. *See* Step 2 Offender Grievance Form, *reprinted at* ECF No. 3-1, at 22-23. The Neal Unit central grievance office returned the Step 2 form without processing on the grounds that Plaintiff's Step 1 form had not passed screening criteria. *See id.* at 24. Plaintiff asserts Neal Unit personnel ramped up their retaliation thereafter. *See* Complaint at 21-23.

LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and

dismiss it without service of process, *Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos,* 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

ANALYSIS

*A. Classification and line status claims*

None of Plaintiff's claims regarding his classification and line status determinations is cognizable. "Inmates have no protectable property or liberty interest in custodial classifications." *Harper v. Showers,* 174 F.3d 716, 719 (5th Cir. 1999) (citing *Whitley v. Hunt,* 158 F.3d 882, 889 (5th Cir. 1998)). In fact, such claims "will never be a ground for a constitutional claim because it simply does not constitute a deprivation of a constitutionally cognizable liberty interest." *Harper,* 174 F.3d at 719 (citing *Martin v. Scott,* 156 F.3d 578, 580 (5th Cir. 1998)). When an inmate "relies

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce,* 2 F.3d 114, 115 (5th Cir. 1993); *see Denton v. Hernandez,* 504 U.S. 25 (1992). To determine whether a complaint is frivolous under 28 U.S.C. § 1915(d), the Court must inquire whether there is an arguable "'factual and legal basis of constitutional dimension for the asserted wrong.'" *Spears v. McCotter,* 766 F.2d 179, 181 (5th Cir. 1985) (quoting *Watson v. Ault,* 525 F.2d 886, 892 (5th Cir. 1976)). The review of a complaint for *factual* frivolousness nevertheless is quite limited and "only appropriate in the limited class of cases wherein the allegations rise to the level of the irrational or the wholly incredible," not just to the level of the unlikely. *Booker,* 2 F.3d at 114. Nor is *legal* frivolousness synonymous with mere unlikeliness. The Supreme Court of the United States and the United States Court of Appeals for the Fifth Circuit repeatedly counsel district courts against dismissing petitions that have some chance of success. *See, e.g., Denton v. Hernandez,* 504 U.S. 25 (1992); *Neitzke v. Williams,* 490 U.S. 319, 329 (1989); *Booker,* 2 F.3d at 116. That caution notwithstanding, a "claim against a defendant who is immune from suit is frivolous because it is based upon an indisputably meritless legal theory. *See Neitzke,* 490 U.S. at 327; *Booker,* 2 F.3d at 116.

[2] *Green vs. McKaskle,* 788 F.2d 1116, 1120 (5th Cir. 1986) ("Our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

3

on a legally nonexistent interest, any alleged due process or other constitutional violation arising from his classification is indisputably meritless." *Harper*, 174 F.3d at 719. Therefore, Plaintiff's allegations that Defendants Beasley, Hardy, and NFN Granat were "deliberately indifferent" to his classification and line status complaints are frivolous and should be dismissed with prejudice.

    *B. Due Process and Equal Protection claims*

    Plaintiff claims Defendants failed to adequately investigate his complaints and grievances, thereby failing to protect his constitutional rights. But "a prisoner has a liberty interest only in freedom from restraint ... impos[ing] atypical and significant hardship on the inmate in relation to ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). A prisoner does not have a constitutionally protected interest in having his complaints and grievances resolved to his satisfaction. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Therefore, Plaintiff's claim that Defendants failed to adequately investigate his grievances does not state a constitutional claim and should be dismissed with prejudice.

    Furthermore, Plaintiff's constitutional claims against Defendants Collier and Milburn are based entirely on supervisory liability. In Section 1983 suits, liability for unconstitutional conduct of subordinates may not rest solely on a theory of vicarious liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005). Absent direct personal participation in the alleged constitutional violation, a plaintiff must prove each individual defendant either implemented an unconstitutional policy that directly resulted in injury to the plaintiff or failed to properly train a subordinate employee. *See Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011); *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987). Because Plaintiff does not even endeavor to do this, his claims against these Defendants should be dismissed with prejudice.

4

*C. Retaliation claims*

Plaintiff's retaliation claims also fail. Plaintiff asserts his cell was searched three times and he was denied parole because he had filed grievances. To state a claim of retaliation, "a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006) (internal marks omitted). Merely conclusory allegations are not enough. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995); *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). Here, Plaintiff has asserted no factual allegations that support the searches or denial of parole were in retaliation for pursuing grievances or challenging his line classification, other than circumstantial evidence about the timing of the searches. Plaintiff's retaliation claims thus are conclusory, are not cognizable, and should be dismissed with prejudice.

For all the foregoing reasons, it is ORDERED that Plaintiff's Complaint is DISMISSED with prejudice pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), as well as 42 U.S.C. § 1997e(a).

**SO ORDERED.**

May 20, 2020.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE